Argued August 4, decided October 4, 1910.

## SHREVE v. WEBSTER.

[110 Pac. 1091.]

JUSTICES OF THE PEACE—SALARY—STATUTES—CONSTRUCTION.

Section 2663, B. & C. Comp., enacted in 1891, provides that the county court shall at certain times establish justice of the peace districts, to be composed of one or more precincts. Section 2669 provides that each district shall have one resident justice. Section 3001, enacted in 1895, provides that justices of the peace in all cities in the State having 50,000 or more inhabitants shall receive an annual salary of $2,000. *Held*, that it is the location of the district, and not the place of residence of the officer, that determines his right to a salary, and that where, on the date of a justice's election, the boundary of a city was extended to embrace certain precincts, in one of which the justice resided, and forming part only of a district, such justice was not entitled to the $2,000 salary, though he resided in the city.

From Multnomah: JOHN B. CLELAND, Judge.

This is a mandamus proceeding by T. C. Shreve against L. R. Webster, County Judge, W. L. Lightner and F. C. Barnes, County Commissioners, and C. A. Brandes, County Auditor, all of Multnomah County, Oregon. From a judgment dismissing the proceeding, petitioner appeals.

AFFIRMED.

For appellant there was a brief with oral arguments by *Mr. Walter G. Hayes* and *Mr. Ralph E. Moody.*

For respondents there was a brief over the names of *Mr. George J. Cameron,* District Attorney, *Mr. Thad W. Vreeland,* Deputy District Attorney, and *Mr. J. H. Page,* with an oral argument by *Mr. Page.*

MR. JUSTICE EAKIN delivered the opinion of the court.

This is a proceeding by writ of mandamus on behalf of plaintiff, who was a justice of the peace of Mt. Tabor district, Multnomah County, against the county court and county auditor of that county, to compel them to audit, allow, and pay him a salary as such justice. The writ discloses that the Mt. Tabor justice's district consists of 17 precincts, including No. 69, in which plaintiff resided, and that on June 4, 1906, plaintiff was duly elected justice for said district. Prior to that date none of said precincts was within the city of Portland, but on that date the boundary of the city was extended to embrace four of said precincts and part of another, including said No. 69; and plaintiff continued thereafter to reside in said precinct No. 69, and in the city, and served as justice of said district from July 2, 1906, until April 1, 1907. The writ also discloses that plaintiff duly presented his claim for his salary during that period to the auditor and county court, which was disallowed by them. A demurrer to the writ was sustained, and the proceeding was dismissed.

The only question for consideration is: Does that state of facts entitle plaintiff to a salary under the statute? Neither counsel for plaintiff nor for defendant have cited any authorities upon the question involved, and we are unable to find any directly in point. Therefore it becomes a case of first impression. Section 2663, B. & C. Comp., enacted in 1891, provides that the county court shall at certain times establish justice of the peace districts, to be composed of one or more precincts, and that each district

shall have one justice (Section 2669), who must be a resident within his district (Section 2668). By Section 3001, enacted in 1895, it is provided that "the justices of the peace in all cities within the State of Oregon having fifty thousand or more inhabitants shall receive an annual salary of two thousand dollars," and the meaning and effect of this section must determine plaintiff's right to the salary. If it refers to any justice of the peace residing in the city, then it will include plaintiff; but we cannot give it that construction without doing violence to the real intention of the section.

In other states, where special provision is made for justices' courts in cities, precincts are required to conform to the city ward boundaries, or the city is made to constitute a precinct or justice's district. This is true in Nebraska and Kansas, and in Washington, where justices in certain cities are compensated by salary. Section 6531, Rem. & Bal. Code, Washington, provides that "each incorporated city * * together with any adjoining precincts * * lying partly within and partly without said city shall * * be deemed one precinct," in which case the justice of such precinct would probably be entitled to the salary, even if he resided outside the city, but within his precinct. The office is a county, not a city, office. The same construction will undoubtedly apply to Section 2663, B. & C. Comp., as amended (Laws 1907, p. 410), which provides that within cities having 100,000 inhabitants there shall be but one justice district, "which district shall comprise the entire city and such contiguous territory as may be deemed proper." In that case the place of residence of the justice does not determine his right to a salary, except that he must reside in his district. It is the location of the district that determines the right, and not the place of residence of the officer.

It is alleged in the writ that plaintiff has collected as fees, during the nine months for which he claims salary,

$92.60, and no more, which he is willing, and asks, shall be deducted from the bill. This is an admission that during that period he served as justice with the understanding that the fees were his compensation, as Sections 3001, and 3003 require that the salary shall be paid monthly, and that the justices in the city shall collect the fees provided by law, and shall on the 1st of every month pay the same over to the county treasurer. It would be an unreasonable construction of this statute to hold that the legislature intended that because a small portion of a district, in which the justice's fees for nine months only amounted to $92.60, is within the city, the justice's compensation should be $2,000 a year.

We understand that the allowance of the salary is not intended to depend on the place of residence of the justice, or the location of his office, but that "in all cities within the State of Oregon having fifty thousand or more inhabitants" the justices of the peace "shall receive an annual salary of two thousand dollars," having reference to the city being the district, or at least the district being within the city.

The judgment is affirmed.                    AFFIRMED.